McCausland *v.* Cresap.

———◆◆■———

## McCausland *et. al.* v. Cresap *et. al.*

If by direction of defendants, the plaintiffs were prevented from performing a contract of work, they could recover for the work done in proportion to the stipulated price of the whole job.

Where a mill was to be built, like a certain mill described in the contract, it was held that if the defendants directed or assented to a departure from the model mill, they would not be entitled to a set off against plaintiff's demand, for such departure.

11

If, in the plan of a mill, the defendants directed or assented to alterations, which delayed the completion beyond the stipulated time, the defendants would not be entitled to damages for such delay.

If the charge to a jury is not sufficiently pointed or explicit, the attorney should request and point out more direct instructions.

Instructions, substantially correct, and not calculated to mislead the jury, not erroneous.

A party not legally liable for the consequences of merely gratuitous advice given by him.

### Error *to Lee District Court.*

*Opinion by* Williams, C. J.   The plaintiffs brought their action of assumpsit against the defendants to the September term, 1850, and filed therewith a petition for a mechanic's lien, under the statute, and claimed the sum of three hundred dollars as due to them on a contract to build a steam saw mill, in the construction of which they had been employed, and had labored for the defendants.   The petition filed by the plaintiffs set forth the contract, and the place where the mill was to be erected.   Defendants were to furnish all the materials.   The timber was to be furnished, and " delivered hewn or sawed ready to be framed or worked into the building and machinery : for which work and labor in erecting the mill, the defendants promised to pay the plaintiffs the sum of three hundred dollars, when the work was completed."   Plaintiffs aver that they completed the work according to the terms of the contract, and that defenants promised to pay them the sum of three hundred dollars therefor.   That though requested to pay, the defendants refused to do so, &c.   The plaintiffs also aver that other and additional work was done by them, besides that required by the contract, at the instance and request of the defendants, which has not been paid for, and a refusal to pay the same.   That the land, upon which, by the contract the mill was by them erected, is owned by the defendants.   The damages are laid at the sum of four hundred and ten dollars.   An averment is also made, that the money due to them for the work became payable within one year last past, and

McCausland v. Cresap.

before filing the petition. They concluded with a prayer that the court would render judgment against the defendants in their favor for the damages, and that the same may be adjudged a lien on the mill and land, as provided by statute.

The defendants appeared and filed their plea of non-assumpsit, and with it, under the statute, gave notice, that as a part of the contract between them, it was agreed that plaintiffs were " to erect and build a steam saw mill for the defendants, like the steam saw mill of one William Funk, situated upon the Desmoines river near Keosauqua, and make such mill do and perform as good business as the said mill of said Funk." That they had failed to do so, and also failed in other particulars. That they had done the work in such a manner, that it was not in accordance with the contract, and so badly that the mill was worthless and of no value to defendants. Notice is also filed of set-off in damages, money paid, money due, &c. The notice concludes by a judgment for so much of the set-off as will balance the plaintiff's demand, and for the overplus if any. This notice is accompanied by a bill of items of the matters of set-off. The cause was tried, and verdict rendered by the jury for the plaintiffs for fifty dollars damages and judgment thereon. The court also decreed a mechanic's lien in favor of the plaintiffs, for the amount of the judgment on the mill and land of the defendants, as prayed for in the petition.

The plaintiffs in error insist on the following as error in the instructions of the court below :

1. The court erred in instructing the jury that the plaintiff's claimed that if the work was wrong and needed to be altered, the fault belonged to the defendants, or at least to the plaintiffs and defendants jointly ; so that the loss if any, must be where it falls ; and so is the law if such is the fact.

2. The court erred in the instruction that if the defendants do not claim damages for the abandonment of the job,

but only for its being improperly done, then, they must pay such proportion of the whole price, as the part done, bears to the whole job, deducting the necessary expense of alteration, and reduction in value, &c., without giving any damages for the delay.

3. The court erred in only instructing the jury, that if defendants claimed for damages for abandoning the job, defendants would only be entitled to deduct for the expenses of alteration, and what it would cost to finish the job, and in said instruction the court gave defendants nothing for damages for delay.

4. The court erred in instructing the jury that if defenants knew that plaintiffs were deviating from the model and permitted them to go on, the defendants must take the consequences.

5. The court erred in instructing the jury as they did, as to the foundation for the mill, and gratuitous advice as to foundation, given while plaintiffs were doing the job.

The first assignment of error relates to an alleged alteration of the work, as done, by the plaintiffs, upon a discovery that it had not been done in a right manner. The case as of record shows that the defendants, as set-off to the plaintiff's demand, claimed, that the work had been improperly done, so that he was under the necessity of having it altered at his own expense. This allegation was answered by the plaintiffs, by alleging that this additional trouble and expense was not occasioned by their default, but by that of the defendants themselves. Upon this point, the court charged the jury, as follows : " The defendants claim that the plaintiffs undertook to construct the mill on the same plan, with the same arrangement of machinery, and to operate in the same way as a certain other mill which was agreed upon as a model, and that having partly performed the job, it was found they had departed from the model mill, and so arranged the work that it could not be put into operation without expensive alterations, and that they thereupon

McCausland *v.* Cresap.

advanced it voluntarily, and the defendants made the necessary alterations and completed the job on the original plan as nearly as it would admit of, at their own expense. And they claim to deduct from the proportionate part of the price, the necessary expense of making the alterations, and the reduction in the value of the mill, occasioned by faults that could not be so remedied ; and they claim that the payments they have already made, and the deductions to which they are entitled, are together, more than the proportionate share of the price to which the plaintiffs would otherwise have been entitled. If you shall find the facts to be so, and that there is nothing else in the case to change the rights of the parties, your verdict should be for the defendants. But the plaintiffs claim that the arrangements of the model mill were departed from, by the direction or at least with the assent of the defendants, and if the work was wrong and needed to be altered, the fault belonged to the defendants, or at least to the plaintiffs and defendants, jointly, and so the loss, if any, must be where it falls ; and so is the law, if such are the facts."

It appears that the plaintiffs before the work was finished abandoned it, and left it; and that in order to render the mill available for any useful purpose, the defendants proceeded at their own expense to finish it. It also appears that there had been a departure, as to the plan of construction, from that of the mill which had been taken and agreed on as the model for the work. The liability for the loss and expense occasioned by this departure, was charged by the parties, each on the other ; and the proposition also was presented that the responsibility of it was chargeable to the parties mutually. It also appears that it was alleged, and urged that the work was abandoned before it was completed, at the instance of the defendants, who prevented the plaintiffs from proceeding with the work to completion. This being the state of the case before the jury, we find no error in the instruction on the questions here presented.

The substance of the charge of the court is, that if the plaintiffs were prevented from proceeding with the work, by the act of the defendants, that then they would be entitled to recover for the work and labor done in proportion to the stipulated price of the whole job, deducting any payments made. But, that if the plaintiffs abandoned the job, voluntarily, after the alteration in the plan had been made, and by reason of that abandonment, and alteration, the defendants were put to expense and trouble in returning as nearly as possible, to the original plan, agreed on, and also suffered thereby, in a depreciation of the value of the mill, and that, if the expenditure and loss thus occasioned would amount to more than the proportionate share of the price to which plaintiffs would otherwise be entitled, then in the absence of any other matter which would affect the rights of the parties, the verdict should be for the defendants.

Having said this much, the court proceeded to state the allegation of the plaintiffs in answer to a part of the defence set up to his action, to-wit : " That if the model had been departed from, by the direction ·of the defendants, or at least with their assent, and therefore the work was wrong and alteration necessary, that fault belonged to the defendants, or at least to the plaintiffs and defendants jointly." In response to this proposition, he then says : " And so the loss if any, must be where it falls ; and so is the law if such are the facts." This we understand to affirm, as law, that if the defendants, directed the departure from the model, or assented to it, or if it were done by consent of both the plaintiffs and defendants, then they—the defendants—could claim nothing on that account, certainly if the defendants directed the alteration to be made, or assented to it, or formally agreed with the plaintiffs to make it, they would not be allowed to set up as set-off to the plaintiff's demand, the expense of, and the injury occasioned by that alteration.

The second assignment of error is based upon the fact that the court in giving to the jury the legal principles, as

McCausland *v.* Cresap.

to the recovery of the plaintiffs in the case as presented, did not instruct them to allow damages to the defendants for the delay in finishing the mill, caused by the alteration in the plan of building it. This assignment we also think is not well made. After charging as set forth in the assignment, the court, having stated that "if defendants claimed nothing for the abandonment of the job," proceeds and says : "and if the defendants caused or assented to the misarrangements of the work, they must pay the proper proportion without deduction, except for payments made." Here the court charges upon the hypothesis, that *if* the defendants caused, or assented to the alteration of the plan, by reason of which, the completion of the mill was delayed, then no allowance of damages for such delay should be made for them in defence of the action. This, we hold, is the proper construction of the charge. It is true that the court does not charge directly, and pointedly, on the question of the delay, but excludes it from the statement of the proposition presented, by saying that if the delay was caused by the act of the defendants, they could not be allowed damages for it. If the charge were not sufficiently direct on this, or any other point involved in the case, it was in the power of the defendant's attorney to request of the court, in writing, instruction in such a manner as to bring the matter directly to the mind of the court, and have it, on the law, presented to the jury, unless the instruction of the court below be in violation of the law ; or unless the court, upon request duly made, by the party interested, or his attorney, in writing refuse to give proper instruction in the case, this court will not interfere when the instruction, as far as given, is substantially correct, or is not calculated to mislead the jury.

The third assignment of error is founded substantially upon the principle of the second which has just been disposed of. We will here only add, that if there be anything in the case on trial which may be deemed, by the party or his

McCausland *v.* Cresap.

counsel, of sufficient importance to require instruction from the court on it, as to the law, and which may not be considered and presented by the court in its general instructions to the jury, it is the privilege as well as the duty of such party or attorney to make special request in writing for such instruction, and thus bring the matter up to the mind of the court; otherwise it will be presumed by this court, that the court below has done its duty.

The fourth error assigned is not well taken. The instructions of the court on the subject of what is there termed the *misarrangement* or alteration of the work, taken together, is not predicated on the mere *knowledge* of the defendants that the plan was altered; but the judge in his charge puts it upon the *assent* of the defendants to the alteration, and charges " that if the defendants assented that plaintiffs might quit, or if they failed to furnish materials, and the plaintiffs quit for that cause, then that deductions would only be allowed for the misarrangement of the work, in case it was misarranged contrary to the contract, and without the assent of the defendants." The court then goes on to charge that if the defendants *directed* the alterations, or *knew* that they were deviating from the contract and suffered them to go on with the work they must suffer the consequences. These instructions are substantially correct. Objection was urged on the argument to the use of the word *assent* as in the instruction. We can see nothing substantial in this, as it is not improperly used nor were the jury likely to be misled by it. The burden of the charge of the court is, that if the defendants assented to the alteration of the plan originally agreed upon, directed it or knowing it, suffered it to be done, and then when the job was abandoned by plaintiffs they proceeded to appropriate and use the work as far as done, they could not be allowed any set-off for damages on account of the delay. We see nothing in this part of the instruction of the court to warrant a reversal of the judgment.

McCausland *v.* Cresap.

The fifth and last error assigned is as to the instruction of the court relative to the foundation of the mill.

A question appears to have been raised in the case as to which of the parties should bear the responsibility and suffer the consequences of misplacing the foundation of the mill, or chimney, by which it seems the alteration complained of became necessary. On this point the court instructed that if the building of the foundation was by the contract, made a part of the work which was to be done by the plaintiffs, or if they had adopted it as a part of the job, to be done by them on the contract, and it was mismanaged, and thereby damages accrued, then, they would be liable ; but if they gave advice concerning it when it was not their business to build it, which advice was merely *gratuitous* they would not be liable, and could not be made to suffer the consequences. There is no error in this instruction. A mere gratuitous advice given by a person to another as to the management of his business, without consideration, and when the person giving it is under no legal obligation by contract, express or implied, relating to the subject matter of that advice, will not create a legal liability.

Having disposed of the several assignments of error in this case, we deem it proper to remark, that the charge of the court below is at great length. The propositions of law arising from the facts presented by the evidence are minutely noted and discussed under various statements of them, and in such a manner as to require a close examination of the whole charge, in order to understand and apply its conclusions of law. The assignments of error seem to have been made as to particular portions of the instructions on a point without including all given therein by the court. This has resulted in rendering the duties of this court more arduous, and this opinion more prolix than it otherwise would have been. As we find there is no substantial error in the instructions of the court below, and as nothing else

K

in the proceedings of the case is made the subject of complaint, the judgment of the court below is affirmed.

Judgment affirmed.

*A. Hall* and *Geo. G. Wright*, for plaintiffs in error.

*H. M. Shelby*, for defendants.